# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**DEVERICK SCOTT**
**ADC #131042**                                                              **PLAINTIFF**

V.                        No. 2:12CV00190-SWW-BD

**RAY HOBBS,** *et al.*                                                     **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Susan Webber Wright. Any party may file written objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

An original and one copy of the objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation. A copy will be furnished to the opposing party.

If no objections are filed, Judge Wright can adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may also waive any right to appeal questions of fact.

    Mail objections to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

**II.**     <u>**Background**</u>**:**

    Plaintiff Deverick Scott, an Arkansas Department of Correction ("ADC") inmate, filed this case *pro se* under 42 U.S.C. § 1983. (Docket entry #2) In his original complaint, he alleged numerous constitutional and policy violations by ADC officers.

    Mr. Scott alleged that ADC officials took and inventoried his property in March 2012, while he was in punitive segregation, and that they then lost his property. He requested replacement of his books, Reebok shoes, and radio. After this request, ADC officials searched Mr. Scott's cell. This search led to an altercation, and Mr. Scott ultimately received a disciplinary charge in connection to the altercation. (#2)

    Mr. Scott was allowed to proceed on his excessive force claim against Defendant Lane and his due process claim against Defendants Payne and Minor. (#2 at p. 6-8) Although Mr. Scott also alleged retaliation, he failed to identify the individuals responsible for the alleged retaliatory conduct. (#2 at p. 4) Mr. Scott was provided an opportunity to supplement his complaint with regard to the retaliation claim, but his claims against Defendants Hobbs, May, Naylor, Burl, Lockhart, Jones, Etherly, Birdwell, and Graham were dismissed. (#16)

Mr. Scott moved for summary judgment on his due process claim against Defendants Payne and Minor. (#31) After Defendants responded to the motion, the Court notified the parties of its intention to consider judgment in favor of Defendants Payne and Minor, as permitted by Federal Rule of Civil Procedure 56(f)(3). Mr. Scott responded to the Court's order and moved to amend his complaint. (#38, #42)

The Court dismissed Mr. Scott's due process claim against Defendants Payne and Minor with prejudice (#53), but granted, in part, Mr. Scott's motion to amend his complaint. (#42) Mr. Scott was allowed to proceed on his retaliation claim against Defendants Jones, Lockhart, and Birdwell; his excessive-force claim against Defendant Lane; and his failure-to-protect claim against Defendants Lockhart and Birdwell. (#53)

Defendants Lane, Lockhart, Jones, and Birdwell have now moved for summary judgment. (#84) In addition, separate Defendants Payne and Minor have moved to dismiss Mr. Scott's claims against them based on the Court's prior dismissal of those claims with prejudice. (#87) Mr. Scott has responded to the motions. (#89, #90, #91, #101)

The Court recommends that the Defendants' motion for summary judgment (#84) be GRANTED and that Mr. Scott's remaining claims be DISMISSED, with prejudice.[1]

---

[1] Defendants also argue that they are entitled to qualified immunity. Because the Court finds that Mr. Scott's constitutional claims fail as a matter of law, the Court will not address the Defendants' qualified immunity argument in this Recommendation.

In addition, the motion to dismiss filed by separate Defendants Payne and Minor (#87) should also be DENIED as moot because those claims are no longer a part of this lawsuit.

## III. Discussion:

### A. Standard

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any material fact. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). If the moving party meets this burden, the nonmoving party must respond by coming forward with specific facts establishing a genuine dispute for trial. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). When the nonmoving party cannot come forward with enough evidence to establish a necessary element of the case, the moving party is entitled to judgment as a matter of law. *Celotex Corp.,* 447 U.S. at 322–23, 106 S.Ct. at 2552.

### B. Retaliation

Mr. Scott alleges that Defendant Jones, Lockhart, and Birdwell searched his cell in retaliation for his use of the inmate grievance procedure. He explains that when he asked

Defendant Jones why he was being "shook down," Defendant Jones stated, "this [is] what happen[s] when you write grievances." (#89 at p.9)

The Defendants offer a different version of events. According to the Defendants, on April 25, 2012, at approximately 2:00 p.m., Mr. Scott informed Defendant Jones that he was missing specific pieces of personal property, including one pair of Reebok tennis shoes, a Sony digital radio, five books, and two magazines. (#86-15 at p.1) Within thirty minutes, Defendant Jones began to investigate Mr. Scott's allegations of missing property. (#86-15 at p.1) Defendant Jones, Lockhart, Birdwell, as well as Corporal Graham (not a party to this lawsuit), searched Mr. Scott and his cell. (#86-15 at p.1) They found each of the items Mr. Scott was allegedly missing. (#86-15 at p.1)

In addition to the "lost items," they discovered a metal shank hidden in the vent. (#86-1 at p.1) Mr. Scott received a major disciplinary for possessing unauthorized items, although that disciplinary was ultimately dismissed. (#86-15 at p.2)

The parties' versions of the events differ, but even assuming Mr. Scott's allegations are true, this retaliation claim fails. To prove a retaliation claim, a prisoner must present evidence that: he engaged in constitutionally protected activity; defendants took adverse action against him that would chill a person of ordinary firmness from engaging in that activity; and retaliation was the actual motivating factor for the adverse action. *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007); *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004).

In this case, Mr. Scott has not come forward with any evidence that his First Amendment rights were chilled by the Defendants' search of his cell. In fact, Mr. Scott has attached to his amended complaint and his response to the summary judgment motion multiple grievances he submitted *after* the search at issue took place. (#54 at pp.27, 30; #89-1 at p.11) As evidenced by his filing grievances after the cell search, Mr. Scott has failed to prove that the cell search at issue would chill a person of ordinary firmness from continuing to use the inmate grievance procedure. For this reason, Defendant Jones is entitled to judgment as a matter of law on the retaliation claim against him.

Mr. Scott has failed to present any evidence to support his claim that Defendants Lockhart and Birdwell retaliated against him for using the grievance procedure. First, it is undisputed that these Defendants were not identified in the grievances Mr. Scott submitted regarding his lost or confiscated property. Further, Mr. Scott has not presented any evidence that retaliation was the actual motivation for either Defendant Lockhart's or Defendant Birdwell's participation in the cell search. (#90 at pp.4-5; #101 at pp.2-3) Because Mr. Scott has failed to come forward with any evidence creating a genuine dispute as to this issue, Defendants Lockhart and Birdwell are entitled to judgment as a matter of law on Mr. Scott's retaliation claim against them.

In his response to the Defendants' motion, Mr. Scott alleges that Defendant Lane also retaliated by writing a duplicative disciplinary against him. Mr. Scott claims that Defendant Lane did so "to cover up his unnecessary use of force." (#89 at p.11). This

claim fails. Mr. Scott fails to allege that Defendant Lane retaliated against him for exercising a First Amendment right.[2]

    C.    Excessive Force

On the date of the incident giving rise to this lawsuit, Mr. Scott was removed from his cell so that it could be searched. When Defendant Lockhart returned Mr. Scott to his cell, it is undisputed that he would not allow ADC staff members to remove one of the handcuffs from his wrist. (#90 at p.7) Defendant Lockhart issued a direct order for Mr. Scott to release the cuff. Mr. Scott refused and told Defendant Lockhart to "get someone else down there." (#90 at p.7)

At that point, Defendant Lockhart called his supervisor, Defendant Lane. Defendants contend that Defendant Lane then issued Mr. Scott a direct order to release the cuff. Mr. Scott disputes this fact (#90 at p.7), but that dispute is not material.

Mr. Scott claims that Defendant Lane attempted to break his wrists and dislocate his shoulder when he attempted to remove Mr. Scott's handcuff. (#89 at p.2; #90 at p.3) Mr. Scott explains that he was seen in sick call several days later with complaints of bruising and marks on his wrists. (#89 at p.2) He admits, however, that Defendant Lane was not aware that his wrist was still handcuffed when he began pulling on the tether to

---

[2] In his response, Mr. Scott also claims that Defendant Lane retaliated against him for filing a civil lawsuit against him, but that issue was not raised in Mr. Scott's previous complaints. Accordingly, that claim is not at issue in this lawsuit.

recover the handcuffs from Mr. Scott. (#89 at p.16) This fact is fatal to Mr. Scott's claim.

To prove an Eighth Amendment violation, a prisoner must satisfy two requirements, one objective and one subjective. The first requirement tests whether, viewed objectively, the deprivation of rights was sufficiently serious. The second requirement is subjective and requires the inmate to prove that the prison officials had a sufficiently culpable state of mind. *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (internal citations and quotations omitted).

Here, if Defendant Lane was not aware that Mr. Scott's wrist was still restrained, he could not have intentionally caused Mr. Scott to suffer injury; nor could he have been aware that a substantial risk of serious harm existed. Because Mr. Scott has not presented any "evidence to permit a finding in his favor on more that mere speculation," this claim fails. *Reed v. City of St. Charles*, 561 F.3d 788, 792 (8th Cir. 2009) (internal citation omitted).

D.    Failure to Protect

In order to establish a failure-to-protect claim, Mr. Scott must prove that he was incarcerated under conditions posing a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970 (1994). He must also show that the officers were deliberately indifferent to his health or safety. *Holden v. Hirner*, 663 F.3d 336, 341 (8th Cir. 2011). "Deliberate indifference is akin to criminal recklessness, which demands

more than negligent misconduct." *Popoalii v. Correctional Med. Servs*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted).

Here, Mr. Scott claims that Defendants Lockhart and Birdwell failed to protect him from Defendant Lane's use of force by failing to inform Defendant Lane that his wrist was still cuffed. (#89 at p.3) At the most, such conduct amounts to negligence. Mr. Scott fails to offer any evidence that he faced a substantial risk of harm or that either of the Defendants "recklessly disregard[ed] a known, excessive risk of serious harm." *Davis v. Oregon County, Mo.*, 607 F .3d 543, 549 (8th Cir. 2010). Accordingly, Defendants are entitled to judgment as a matter of law on Mr. Scott's failure-to-protect claim.

E.   Sovereign Immunity

Mr. Scott's claim for money damages from the Defendants in their official capacities are barred, of course, by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989). Official-capacity claims against the Defendants for money damages should be dismissed.

F.   Motion to Dismiss

Defendants Payne and Minor correctly argue that the Court previously dismissed Mr. Scott's due process claim against them. Although Mr. Scott addresses his due process claim in his response to the Defendants' motion for summary judgment, those

claims have already been dismissed with prejudice. (#53) Accordingly, the pending motion to dismiss (#87) is moot.

## IV. Conclusion:

The Court recommends that the Defendants' motion for summary judgment (#84) be GRANTED and that Mr. Scott's claims against Defendants Lane, Lockhart, Jones, and Birdwell be DISMISSED with prejudice. In addition, the Court recommends that the motion to dismiss filed by separate Defendants Payne and Minor (#87) be DENIED, as moot.

DATED this 11th day of July, 2013.

_____
UNITED STATES MAGISTRATE JUDGE